

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. T. M. Trimble
First Ass't State Superintendent
State Department of Education
Austin, Texas

Dear Sir:

Opinion No. 0-6876
Re: Whether a school cafeteria
may employ wife of a school
board member and purchase
groceries from a store owned
by another board member and
related matter

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"At the request of Mr. O. R. Childress, Superintendent of the Rosen Heights Independent School District of Fort Worth, Texas, I am submitting the questions contained in the attached letter for your consideration and opinion."

Three questions are propounded to you by Mr. Childress in his letter to you as follows:

"1. The wife of a school board member works in the lunch room of the school of which her husband is a board member. She is paid from lunch room funds which are derived from monies paid for lunches by pupils and teachers and from federal funds. Is the board violating the anti-nepotism law in this case?

"2. This same school has a board member who owns a grocery store. Is it a violation of the law for the school cafeteria to purchase groceries from this man?

"3. A member of the board of this school
owns the buses operated by this school. This
board member does not contract with the school
in question but the contract is in the name of
another party and the money for the use of the
buses is paid the other party. Is there a law
violation in this case?"

Articles 432, 433 and 435, Texas Penal Code, read as
follows:

Article 432. "Nepotism"

"No officer of this State or any officer
of any district, county, city, precinct, school
district, or other municipal subdivision of this
State, or any officer or member of any State,
district, county, city, school district or other
municipal board, or judge of any court, created
by or under authority of any general or special
law of this State, or any member of the Legis-
lature, shall appoint, or vote for, or confirm
the appointment to any office, position, clerk-
ship, employment or duty, of any person related
within the second degree by affinity or within the
third degree by consanguinity to the person so
appointing or so voting, or to any other member of
any such board, the Legislature, or court of which such
person so appointing or voting may be a member, when
the salary, fees, or compensation of such appointee
is to be paid for, directly or indirectly, out of or
from public funds or fees of office of any kind or
character whatsoever. Acts 1909, p. 85, Acts 1915,
p. 149"

Article 433. Officers included

"The inhibitions set forth in this law shall
apply to and include the Governor, Lieutenant
Governor, Speaker of the House of Representatives,
Railroad Commissioners, head of departments of the
State government, judges and members of any and
all Boards and courts established by or under the

Hon. T. M. Trimble - Page 3

authority of any general or special law of this State, members of the Legislature, mayors, commissioners, recorders, aldermen and members of school boards of incorporated cities and towns, public school trustees, officers and members of boards of managers of the State University and of its several branches, and of the various State educational institutions and of the various State eleemosynary institutions, and of the penitentiaries. This enumeration shall not be held to exclude from the operation and effect of this law any person included within its general provisions. Acts 1909, p. 86."

Article 435  Shall not approve account

"No officer or other person included within the third preceding article shall approve any account or draw or authorize the drawing of any warrant or order to pay any salary, fee or compensation of such ineligible officer or person, knowing him to be so ineligible."

We quote from Opinion No. O-4761 of this department as follows:

"It is a matter of common knowledge that school cafeterias are maintained generally in the schools throughout the State of Texas and the United States. In the case of Bozeman et al v. Morrow, et al, 34 S. W. (2) 654, the El Paso Court of Civil Appeals held the following:

"'The cafeteria is a necessary convenience, and is not obnoxious to any constitutional or statutory inhibition, and, we think, a reasonable exercise of the discretionary power conferred upon the board of trustees. Goodman v. School District No. 1, City and County of Denver et al. (C.C.A.), 32 F. (2d) 586, 63 A.L.R. 92.'

Hon. T. M. Trimble - Page 4

"In this connection we assume that the school
district is operating the cafeteria for the good
of its students, and is not operating the same
as a mercantile establishment or a business for
pecuniary gain. In our opinion it would be be-
yond the authority of the school board to enter
into private business. We, therefore, assume
that the charges made for food served are reason-
ably made to cover the costs of the same and the
maintenance of the cafeteria.

"Since the board of trustees of an indepen-
dent school district may maintain a school
cafeteria, it is our opinion that the responsi-
bility for the proper operation thereof and the
expenditure of funds realized therefrom properly
rests with such board."

In connection with the first question we have been
given the further information that the wife of the trustee is
hired in the school cafeteria as a cook or waitress; that one
of the teachers in the school manages the school cafeteria
and is paid only his regular salary as a teacher as other
teachers in the school; the teacher who manages the cafeteria
is the agent of the board of trustees and is under their
supervision; that no independent contractor relationship exists
between the school board and the teacher who manages the
cafeteria and that the trustee's wife is paid out of the funds
collected from the school children for payment of their lunches.
Under the facts stated, we hold the hiring of the trustee's
wife to be unlawful and we answer your first question in the
affirmative.

In connection with the second question we have
been given the further information that the teacher who manages
the cafeteria (as agent of the school board and under the
supervision of the board) buys groceries for the cafeteria
directly from the grocery store owned by one of the members of
the school board. We hold this to be unlawful under the
facts stated, and answer your second question in the affirma-
tive. See authorities cited in Opinion No. O-1014 of this
department, a copy of which is enclosed herewith for your
information.

Hon. T. M. Trimble - Page 5

        With reference to the third question, we have been informed that the contract was oral but have not been given detailed information as to the specific terms thereof, and in the absence of such information we cannot pass on the third question and respectfully decline to answer same.

                        Very truly yours

                ATTORNEY GENERAL OF TEXAS

                By          Wm. J. Fanning
                                Assistant

WJF:BT

        APPROVED DEC 6 1945

        FIRST ASSISTANT
        ATTORNEY GENERAL